BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JAN 12 1977

IN RE CELOTEX CORPORATION "TECHNIFOAM" )   DOCKET NO. 210
PRODUCTS LIABILITY LITIGATION            )
                                         )
Peter J. Wallison, et al. v. The         )
Celotex Corp., et al., N.D. New York,    )
Civil Action No. 76 CV 75                )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM*, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, STANLEY A. WEIGEL*, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL.

PER CURIAM

The Panel previously transferred the actions in this litigation to the District of Minnesota and, with the consent of that court, assigned them to the Honorable Charles R. Weiner, sitting by designation under 28 U.S.C. §292(d), for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. In re Celotex Corporation "Technifoam" Products Liability Litigation, 68 F.R.D. 502 (J.P.M.L. 1975).

Plaintiffs in the above-captioned action (Wallison) are two persons who together own a home in New York. They allege that "Technifoam" was used as an insulating material in the interior walls of their home and that a two-part

---

*Although Judges Wisdom, Lord, and Weigel were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

polyurethane foam was used as an insulating material on the ceilings of their home. "Technifoam" is produced in board-like form and is either glued or nailed to a surface in its installation. Celotex Corporation (Celotex) is named as a defendant in this action and the claims against it are asserted solely on the basis of plaintiffs' use of "Technifoam," the only type of cellular plastic insulation product that Celotex manufactures. A two-part polyurethane foam is another type of cellular plastic insulation product and is a mixture of two liquids which upon mixing becomes a foam that is applied directly to the surface of application and later dries. Witco Chemical Corp. (Witco), the Upjohn Company (Upjohn) and an as yet unknown third corporation are also named as defendants in this action and plaintiffs allege that the two-part polyurethane foam was manufactured by one of these defendants. The complaint in <u>Wallison</u> contains allegations that the fire behavior characteristics of these insulating materials have substantially impaired the value of plaintiffs' home, rendering it unsuitable for human habitation until corrected by covering or removing the defective products. Liability is asserted on theories of strict liability, negligence, breach of warranty, and fraudulent misrepresentation.

Since <u>Wallison</u> appeared to share common questions of fact with the previously transferred actions, the

Panel conditionally transferred the action to the District of Minnesota for inclusion in the Section 1407 proceedings pending in that district.[1] Defendants Upjohn and Witco oppose transfer, and have moved to vacate the conditional transfer order. Plaintiffs in <u>Wallison</u> favor transfer of this action, while defendant Celotex expresses a neutral position on the question.

We find that this action shares common questions of fact with the previously transferred actions, and that its transfer to the District of Minnesota to join the actions already pending there for coordinated or consolidated pretrial proceedings under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Defendants Upjohn and Witco oppose transfer on the ground that <u>Wallison</u> does not involve a single, primary, common defendant as do the actions pending in the District of Minnesota. These defendants stress that this action involves at least two different products manufactured by different companies, and that, unlike the alleged liability of the defendants other than Celotex in the actions in the transferee district, the alleged liability of the defendants other than Celotex in <u>Wallison</u> is unrelated to

---

[1] <u>See</u> Rule 9, R.P.J.P.M.L., 65 F.R.D. 253, 259-60 (1975).

Celotex's development, testing, and marketing of "Technifoam." Upjohn and Witco state that their relevant documents and witnesses are located in or near New York state, and that therefore undue expenses and hardships would result if they are required to participate in pretrial proceedings in Minnesota. They add that the installers of the two-part foam are likely to be involved in this action either as witnesses or as third-party defendants, and that these installers are located in New York state.

We find these arguments unpersuasive. As all parties at least tacitly recognize, Wallison shares common questions of fact with the actions in the transferee district concerning the claims against Celotex. Thus, transfer under Section 1407 is necessary in order to eliminate the possibility of duplicative discovery and prevent inconsistent pretrial rulings. In re Celotex Corporation "Technifoam" Products Liability Litigation, supra, 68 F.R.D. at 504. The fact that Wallison may also involve parties and issues not present in the other actions in this litigation is no obstacle to transfer. In re Japanese Electronic Products Antitrust Litigation, 388 F. Supp. 565, 567 (J.P.M.L. 1975). The transferee judge, of course, has the broad discretion in designing a pretrial program to allow discovery on any issues unique to a particular action to

proceed concurrently with discovery on common issues. See In re Republic National-Realty Equities Securities Litigation, 382 F. Supp. 1403, 1405-06 (J.P.M.L. 1974). And the individual parties need not participate in discovery on issues in which they are not involved. See, e.g., Manual for Complex Litigation, Part I, §2.31 (rev. ed. 1973). In addition, we observe that plaintiffs in Wallison assert that certain organizations provide technical assistance, such as product testing, relating to the flammability characteristics of cellular plastic insulation products to all manufacturers of those products, and that questions of fact regarding this assistance will be common to the alleged liability of Celotex and to the alleged liability of the other manufacturing defendants. Hence, an additional benefit of transfer will be to eliminate duplicative discovery concerning the industry-wide organizations.

Furthermore, transfer under Section 1407 need not result in undue expenses or hardships being incurred by the parties. The judicious use of lead counsel, liaison counsel, and steering committees can keep travel and concomitant expenses to a minimum. See Manual for Complex Litigation, supra, Part 1, §§1.90-1.93. Nor does the transfer of Wallison mean that all discovery must occur in the transferee district. For example, depositions of witnesses may still be taken where they reside. See In re Stirling Homex Corporation Securities Litigation, 405 F. Supp. 314, 316 (J.P.M.L. 1975); Fed. R. Civ. P. 45(d)(2).

Also, document depositories may be established at locations to suit the convenience of the parties. See Manual for Complex Litigation, supra, Part I, §2.50.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled Peter J. Wallison, et al. v. The Celotex Corp., et al., N.D. New York, Civil Action No. 76 CV 75, be, and the same hereby is, transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Charles R. Weiner, sitting by designation under 28 U.S.C. §292(d), for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.